[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10865
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20648-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS MAURICIO ABARCA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 10, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Carlos Abarca appeals his convictions for one count of attempting to persuade, entice, or coerce a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and two counts of attempting to transfer obscene material to a minor, in violation of 18 U.S.C. § 1470. Abarca raises two issues on appeal, which we address in turn.

I.

Abarca first asserts the district court erred by refusing to allow him to present testimony by an FBI case agent regarding the search of his computer. Specifically, Abarca contends he should have been allowed to present the testimony—which the district court concluded was inadmissible hearsay—because it was relevant to his defense.[1]

Pursuant to the Fifth and Sixth Amendments, a defendant has the right to call witnesses in his defense, and must generally be permitted to introduce evidence pertaining to any elements of the charged offense or an affirmative defense. *United States v. Hurn*, 368 F.3d 1359, 1362-63 (11th Cir. 2004). However, the accused does not have an unfettered right to offer testimony that is

---

[1]We review a district court's evidentiary ruling for abuse of discretion. *United States v. Baker*, 432 F.3d 1189, 1202 (11th Cir. 2005).

incompetent, privileged, or otherwise inadmissible under standard rules of evidence. *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).

We conclude the district court did not abuse its discretion in refusing to allow Abarca to present the case agent's testimony regarding the results of the government's search of Abarca's computer. The case agent did not personally search the computer; thus, the agent's testimony would have been inadmissible hearsay. *See Taylor*, 484 U.S. at 410. Furthermore, the exclusion of the testimony did not violate Abarca's constitutional right to a fair trial because the case agent's testimony would not have incriminated Abarca, and the exclusion of the case agent's testimony did not prevent Abarca from making his defense. *See United States v. Thomas*, 62 F.3d 1332, 1338 (11th Cir. 1995) (holding that the defendant's right to a fair trial was not violated by the exclusion of hearsay statements and noting that the case was distinguishable from *Chambers*[2] and its progeny because the witnesses' statements did not tend to incriminate them, and that the exclusion of the testimony did not prevent the defendants from making their defense).

---

[2]*Chambers v. Mississippi*, 410 U.S. 284, 302-03 (1973).

II.

Abarca next asserts the district court erred in its instructions to the jury on two separate grounds. First, Abarca claims the district court's jury instruction regarding what constituted a substantial step with respect to the § 2422(b) count was erroneous and misled the jury. Specifically, he contends the district court's instruction improperly led the jury to believe that a substantial step could be committed solely through communications. Second, Abarca argues the district court's entrapment jury instruction was erroneous and misled the jury because the court refused to include the language, "existence of prior related offenses is relevant, but not dispositive."[3]

*A. Substantial Step Jury Instruction*

In *United States v. Yost*, we addressed whether the defendant's conduct constituted a substantial step towards violating § 2422(b). 479 F.3d 815, 819-20 (11th Cir. 2007). The defendant in *Yost* made sexually explicit comments to an undercover agent posing as a child, posted a picture of his genitalia, called her on the telephone, and made arrangements to meet her so they could engage in sexual

---

[3]We review a district court's rejection of a requested jury instruction for abuse of discretion. *United States v. Moore*, 525 F.3d 1033, 1046 (11th Cir. 2008). However, we review the legal correctness of a jury instruction *de novo*. *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).

activity. *Id.* at 820. We found that the totality of these acts constituted a substantial step in an attempt to knowingly persuade, induce, entice, or coerce a minor to engage in criminal sexual activity. Furthermore, we specifically rejected the defendant's argument that his failure to arrive at the meeting place precluded a finding of a substantial step, holding that neither travel nor an actual meeting is necessary to find that a defendant committed a substantial step in these circumstances. *Id.*

We conclude the district court's instruction is consistent with our precedent in *Yost*. The district court noted that the jury may consider the nature and the context of Abarca's internet, e-mail, and telephone conversations with the undercover agent and whether he made arrangements for any meeting. Further, the court noted that an actual meeting was not necessary for a defendant's conduct to constitute a substantial step. Thus, the district court did not err in its substantial step instruction to the jury.

## B. Entrapment Jury Instruction

An affirmative defense of entrapment requires the defendant to prove two elements: (1) government inducement of the crime; and (2) lack of predisposition on the part of the defendant to commit the crime. *United States v. Padron*, 527 F.3d 1156, 1160 (11th Cir. 2008). We have noted the existence of prior offenses

is relevant, but not dispositive, in determining predisposition. *United States v. Brown*, 43 F.3d 618, 625 (11th cir. 1995).

We conclude the district court did not abuse its discretion by refusing to give Abarca's requested addition to the entrapment instruction. The requested addition lacked an evidentiary basis due to the fact that no evidence had been adduced relating to the issue of prior crimes. Further, the requested addition was addressed in the charges actually given to the jury, and the court's failure to give the specific instruction requested by Abarca did not impair his ability to present an effective defense. *See United States v. Moore*, 525 F.3d 1033, 1046 (11th Cir. 2008); *United States v. Garcia*, 405 F.3d 1260, 1274 (11th Cir. 2005). Accordingly, we affirm Abarca's convictions.

**AFFIRMED.**